**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROCHELLE DANIEL,

          Plaintiff(s),          **CASE NUMBER: 06-15600
                                              HONORABLE VICTORIA A. ROBERTS**

v.

**ASSET ACCEPTANCE L.L.C. and
DTE ENERGY**,

          **Defendant(s).**
_____/

**ORDER**
(REGARDING DOCUMENT #14)

**I.    INTRODUCTION**

This matter is before the Court on Defendant Asset Acceptance L.L.C.'s "Motion to Dismiss and Joinder in Defendant DTE Energy's Motion to Dismiss." Defendant Asset Acceptance L.L.C. ("Asset") argues that Plaintiff's Fair Credit Reporting Act ("FCRA"), Fair Debt Collections Practices Act ("FDCPA"), fraud, and defamation claims must be dismissed with prejudice because they fail to state a claim. In response, Plaintiff Rochelle Daniel ("Plaintiff") concedes the state law claims and denies that summary judgment is appropriate on her federal claims. For the following reasons, Asset's motion is **GRANTED**.

**II.    BACKGROUND**

Asset is a debt collection company that purchases accounts from creditors and attempts to collect the debts. Asset purchased Plaintiff's account with DTE Energy ("DTE") and obtained a copy of her credit report for "collection" purposes on November

1

7, 2005. *See* Def. Exh. A, Excerpt from Plaintiff's Credit Report. On November 12, 2005, Asset sent Plaintiff a debt collection letter, alleging a past due DTE balance of $57.44. *See* Def. Exh. B, Debt Collection Letter.

Plaintiff was unaware of a past due bill and sent Asset a letter requesting the address, year, and final DTE bill from the past due account. *See* Pl. Exh. C, Copy of Plaintiff's First Letter Requesting Validation. Plaintiff attached the final DTE bill from her Farmington Hills, Michigan address. This bill showed that her account was closed, and she had a zero account balance as of June 25, 2004. *See* Pl. Exh. D, Copy of Plaintiff's Second Letter Requesting Validation and Proof of not Owing the Subsequent Debt at p.2.

Asset contacted Plaintiff again on January 18, 2006 regarding the unpaid balance. She sent Asset another letter on January 19, 2006, stating that she has not had DTE service in her name since she paid the final bill from her Farmington Hills address. Plaintiff requested that Asset stop harassing her if it could not provide account information (Plaintiff noted that Asset had earlier stated the debt was owed from a Southfield, Michigan address in 1999). *See* Pl. Exh. D at p.1.

On November 3, 2006, Plaintiff, *in pro per*, filed a Complaint in Oakland County Circuit Court against Asset. She alleged that Asset maliciously, wilfully, and intentionally violated her consumer rights under the FCRA, 15 U.S.C. §1681 *et seq.*; and the FDCPA, 15 U.S.C. §1692 *et seq.* by obtaining a copy of her credit report under false pretenses. Specifically, Plaintiff alleges a violation of 15 U.S.C. §§ 1681q, 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10) and 1692g(5). Asset removed the case to this Court on December 14, 2006. It filed this Motion to Dismiss on May 10, 2007.

Plaintiff is currently represented by counsel, and this Court granted Plaintiff's Motion to Amend Complaint on July 19, 2007. However, the parties agreed that the Court would decide this summary judgment motion based on Plaintiff's initial Complaint. Plaintiff agreed to file her Amended Complaint only if she survives summary judgment.

## III. STANDARD OF REVIEW

Asset requests that Plaintiff's claims be dismissed pursuant to Rule 12(b)(6), rather than summary judgment. However, the Court must treat Asset's motion as one for summary judgment because it presents, and the Court relies upon, evidence outside the pleadings. *See* Fed. R. Civ. P. 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R.

Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Fair Credit Reporting Act

Plaintiff's initial Complaint asserts a violation of the FCRA under 15 U.S.C. §1681q. However, Plaintiff states in her "Response to Defendant Asset Acceptance LLC's Motion to Dismiss" (Doc. #24) that her Amended Complaint correctly asserts a violation of 15 U.S.C. §1681b. This provision requires a "permissible purpose" to obtain a credit report. Plaintiff argues that Asset did not have a permissible purpose.

The Court dismisses the 15 U.S.C. §1681q claim against Asset. The Court also finds that allowing Plaintiff to amend her complaint to add a section 1681b claim would be futile. Plaintiff's proposed claim lacks substantial merit. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason-such as . . . futility of amendment, . . .-the leave [to amend] sought should . . . be 'freely given'"); *see also Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (affirming the district court's denial of a motion to amend a complaint on futility grounds because the

4

proposed claims lacked substantial merit).

Section 1681b provides an exhaustive list of "permissible purposes" for obtaining a consumer credit report. Specifically, section 1681b(3)(A) provides that a consumer reporting agency may furnish a credit report "[t]o a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." Plaintiff argues that Asset's "permissible purpose" is not included in this provision because it did not have a consumer account to collect. The Court disagrees. Asset bought Plaintiff's alleged past due account from DTE before it obtained her credit report.

Plaintiff also mentions a violation of 15 U.S.C. §§ 1681s-2(a) and 1681s-2(b). Section 1681s-2(a) states that furnishers of information must provide accurate information to consumer reporting agencies. However, it is unnecessary for the Court to determine whether Asset is a furnisher of information or whether it provided accurate information to consumer reporting agencies because section 1681s-2(a) does not create a private right of action. *See e.g., Krieg v. Allstate Fin. Services*, 2007 WL 2974065 at *1 (9th Cir. Oct. 12, 2007) ("The district court properly dismissed [plaintiff's] FCRA claims because there is no private right of action for violations of 15 U.S.C. §1681s-2(a)"); *Knudson v. Wachovia Bank*, 2007 WL 2877564 at *4 (M.D. Ala. Oct. 4, 2007) ("There is no private right of action for violations of § 1681s-2(a)"); *Dalton v. Providian Nat'l Bank,* 2007 WL 1655509 at *3 (N.D. Ohio June 4, 2007) ("The FCRA does not provide a private right of action for violations of 15 U.S.C. 1681s-2(a)."). The Court finds that allowing Plaintiff to amend her complaint to add the section 1681s-2(a)

claim would be futile.

Section 1681s-2(b) addresses the duties that furnishers of information have once they receive notice of a disputed claim. Courts are split regarding whether this section provides a private right of action. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (based on the statutory language and legislative history, court found that there is a private right of action under §1681s-2(b)); *Gibbs v. SLM Corp.*, 336 F.Supp.2d 1, 11 (D. Mass. 2004) (same); *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 783 (W.D. Ky. 2003) (same); *but cf. Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 502 (W.D. Tenn. 1999) (only a consumer reporting agency can bring a §1681s-2(b) claim); *Zamos II v. Asset Acceptance, L.L.C.*, 423 F.Supp.2d 777, 788 (N.D. Ohio 2006) (same). Many courts declined to decide the question. *See Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853 (6th Cir. 2004) (unpublished) (assuming, without deciding, that §1681s-2(b) allows a private right of action); *Zager v. Deaton*, 2005 WL 2008432 at *3 (W.D. Tenn. Aug. 16, 2005) (same); *Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (declining to decide).

It is unnecessary for the Court to decide whether 15 U.S.C. §1681s-2(b) provides a private right of action, since it is clear that the duties under this section are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient. *See Abdrabboh v. Capital One Bank*, 2006 WL 3004084 at *9 (E.D. Mich. Oct. 20, 2006) ("Section 1681s-2(b) requires furnishers of information to investigate disputed credit information, but only after receiving notice of the dispute from a consumer reporting agency"); *Downs*, 88 Fed. Appx. at 853-854 ("[T]he plaintiff must

6

show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed"); *Zager*, 2005 WL 2008432 at *5 ("[T]he fact that Defendant had actual notice of the dispute is irrelevant. A furnisher of incorrect credit information must have received notice from the credit reporting agency in order for subsection (b) duties to be triggered"); *Young*, 294 F.3d at 639 (same); *Stafford*, 262 F.Supp.2d at 784 (same); *Gibbs,* 336 F.Supp.2d at 11 ("§ 2(b) relates to a provider of information's response to a notice of a dispute from a credit reporting agency.").

Plaintiff alleges that she sent letters to Asset disputing the DTE debt. She does not allege that Asset received notice from a consumer reporting agency that the debt was in dispute. Therefore, allowing Plaintiff to amend her complaint to add a 15 U.S.C. §1681s-2(b) claim would be futile because it lacks substantial merit.

### B. Fair Debt Collection Practices Act

#### 1. 15 U.S.C. §1692d(5)

Plaintiff alleges in her Complaint that Asset violated 15 U.S.C. §1692d(5) of the FDCPA. This provision states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Plaintiff states that Asset harassed her on several occasions by demanding payment after she requested a statement of the alleged debt and proved she did not

have a past due balance. Complaint at p.3; *see also* Pl. Exhs. C and D. However, Plaintiff does not allege that Asset intended to annoy, abuse, or harass her by making repeated or continuous phone calls. She does not mention a single instance when Asset called her. Plaintiff only alleged that Asset sent her a letter on November 12, 2005. Complaint at p.2.

### 2. 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10)

Plaintiff alleges that Asset violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8), and 1692e(10):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2)(A) The false representation of the character, amount, or legal status of any debt.
>
> . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Asset argues that Plaintiff's section 1692e claims must be dismissed because they are premised solely on her allegation that she does not owe the debt. Asset relies on *Bleich v. Revenue Maximization Group, Inc.*, 233 F.Supp.2d 496 (E.D.N.Y. 2002).

8

The plaintiff in *Bleich* paid a hospital $25 for a flu shot. She then received a statement from the hospital, claiming that she owed $25 for services rendered on that same day. Plaintiff contacted the hospital on numerous occasions and provided a copy of the $25 cancelled check, but it failed to correct its records and continued to send plaintiff invoices. The hospital eventually referred the debt to the defendant for collection. *Bleich*, 233 F.Supp.2d at 497.

The defendant sent plaintiff a collection letter, demanding $25. Plaintiff disputed the validity of the debt, but did not follow the statutory debt validation procedure set forth in the collection letter. Instead, she filed a lawsuit alleging a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10). *Bleich*, 233 F.Supp.2d at 498. Plaintiff relied solely on her allegation that the collection letter falsely stated that the $25 debt was in arrears. *Id.* The court held that "[t]he allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt." *Id.* at 501. The court granted defendant's motion for summary judgment. *Id.*

In support of her 15 U.S.C. §1692e(2)(A) claim, Plaintiff relies solely on her allegation that she does not owe the debt. For the same reasons the court granted summary judgment in *Bleich*, this Court grants Asset's motion on this claim made by Plaintiff.

Plaintiff alleges that Asset violated 15 U.S.C. §1692e(8) by failing to inform the credit reporting agencies that the debt was disputed. In support of her argument, Plaintiff cites *Ryan v. Wexler & Wexler*, 113 F.3d 91 (7th Cir. 1997); *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir. 1998); *Semper v. JBC Legal Group*, 2005 WL

9

2172377 (W.D. Wash. Sept. 6, 2005); *Acosta v. Campbell*, 2006 WL 3804729 (M.D. Fla. Dec. 22, 2006)*; Wilhelm v. Credico, Inc.*, 2006 WL 3478986 (D.N.D. Nov. 30, 2006).

In *Ryan*, the plaintiff wrote a personal check to Harrah's Casino that was returned for insufficient funds. Harrah's assigned the dishonored check to the defendant for collection. Plaintiff alleged that he settled the account in full, but the defendant filed a "judgment" against him that appeared on his credit reports. *Ryan*, 113 F.3d at 92. After disputing the accuracy of the "judgment" twice, the plaintiff brought a lawsuit. He alleged that the defendant violated the FDCPA by failing to communicate that his account was the subject of an ongoing dispute. *Id.* The defendant challenged the court's jurisdiction over its collection practices, alleging that the FDCPA only covers collection activities related to an extension of credit; not activities related to collecting on a dishonored check. *Id.* The court disagreed. *Id.* at 93.

In *Brady*, the plaintiff's wife leased an apartment and failed to pay $470 in rent. The account was referred to the defendant for collection. The defendant sent plaintiff a letter requesting payment of the debt, and he orally disputed it. The defendant reported the alleged debt to various credit reporting agencies without notifying them that the debt was in dispute. *Brady*, 160 F3d at 65. Subsequently, the plaintiff applied for a mortgage and was informed that his financing was in jeopardy because of the unpaid rent listed on his credit report. *Id.* The plaintiff brought a lawsuit, alleging a violation of 15 U.S.C. §1692e(8) because the defendant failed to inform the credit agencies that he disputed the debt. The defendant argued that plaintiff failed to state a claim because he never disputed the debt in writing. *Id.* at 66. The district court agreed, but the appellate court reversed. It held that 15 U.S.C. §1692e(8) does not impose a writing requirement

on a consumer who wishes to dispute a debt. *Id.* at 66-67.

The Court finds that although Plaintiff alleges that her DTE account was paid in full and that she disputed the accuracy of the alleged debt twice, her reliance on *Ryan* in misplaced because the *Ryan* court decided a different issue. The Court also finds that Plaintiff's reliance on *Brady* is misplaced because Asset does not challenge whether she placed her dispute in writing.

The Plaintiff in *Semper* informed both Equifax and the defendant that a collections item appearing on her credit report was "disputed." However, the defendant did not confirm the disputed status of plaintiff's debt with Equifax because it determined that plaintiff failed to establish the merits of her dispute. Plaintiff sued the defendant for a violation of 15 U.S.C. §1692e(8). *Semper*, 2005 WL 2172377 at *3. Both parties filed summary judgment motions. *Id.* at *1. The court held that the FDCPA does not give debt collectors the authority to unilaterally determine whether a dispute has merit. *Id.* at *3. Thus, defendant's "failure to communicate that a disputed debt is disputed" violated the statute. *Id.* The defendant also notified Equifax that plaintiff made a payment on the alleged debt when it knew or should have known that either the payment report was false or continued efforts to collect the debt were unwarranted. This was a violation of 15 U.S.C. §1692e(8). Another violation occurred in defendant's initial communication to Equifax. It falsely reported plaintiff's debt under an entity name that did not exist. *Id.*

Plaintiff's reliance on *Semper* is misplaced. Her 15 U.S.C. §1692e(8) claim is not based on Asset's failure to report the alleged debt as disputed because it unilaterally determined that she failed to establish the merits of her dispute. Plaintiff also does not allege that Asset notified the credit reporting agencies that she made a payment on the

11

alleged debt or that it falsely reported the alleged debt under a different entity name.

In addition, *Acosta* and *Wilhelm* are distinguishable. In *Acosta*, plaintiff asserted a 15 U.S.C. §1692e(8) claim against the defendants for failing to communicate to the credit reporting agencies that his debt was disputed. *Acosta*, 2006 WL 3804729 at *7. The court granted defendant CitiMortgage, Inc.'s motion for summary judgment, holding that it was not a "debt collector" within the meaning of the statute, and had no duty to report plaintiff's account as disputed. The court also granted the Law Office's motion for summary judgment. "Because the Law Office did not initially report the account to a credit reporting agency, it had no duty to report Plaintiff's account as disputed." *Id.*

The plaintiff in *Wilhelm* also asserted a 15 U.S.C. §1692e(8) claim against the defendant for failing to report his debt as "disputed." *Wilhelm*, 2006 WL 3478986 at *2. The defendant filed a motion for summary judgment, stating that it did not have a duty to report the debt as "disputed" because it did not report his debt to the credit bureaus. *Id.* The court agreed. "Because [the defendant] never made any type of credit information report concerning [plaintiff's] debt, it had no duty to report the debt as 'disputed,' and the requirements under Section 1692e(8) were not triggered." The Court found that plaintiff failed to state a claim under 15 U.S.C. §1692e(8). *Id.* at *3.

*Acosta* and *Wilhelm* stand for the proposition that a "debt collector" only has to report a debt as "disputed" under 15 U.S.C. §1692e(8) if it initially reports the debt to the credit bureaus. Plaintiff's Complaint states that Asset "threatened" to report the debt to the credit bureaus. Absent proof that Asset actually reported Plaintiff's alleged debt to the credit bureaus, section 1692e(8) is not triggered, and Asset does not have a duty to

12

inform the credit bureaus that Plaintiff's debt is disputed. *See Acosta*, 2006 WL 3804729 at *7; *Wilhelm*, 2006 WL 3478986 at *3. Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff also asserts a violation of 15 U.S.C. §1692e(10) because Asset "falsely" sent her a debt collection letter in an attempt to collect a debt she did not owe. The Court dismisses this claim as well. The debt collection letter was not a deceptive way to collect the alleged debt. Asset sent the letter after it bought Plaintiff's account from DTE and obtained a copy of her credit report. The letter also does not contain any false representations. And, Asset did not falsely obtain Plaintiff's credit report. The credit report specifically states that Asset's permissible purpose for obtaining the report was "collection." *See* Def. Exh. A.

Noteworthy, Plaintiff states in her reply brief that there "remains a genuine issue of material fact regarding the validity of the subject debt." Response at p.4. Thus, whether Plaintiff owes the alleged debt is a question of fact for trial against DTE.

### 3. 15 U.S.C. §1692g(5)

Plaintiff's Complaint alleges a violation of 15 U.S.C. §1692g(5):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

. . .

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff concedes that the November 12, 2005 debt collection letter constitutes

13

Asset's initial communication. Complaint at p.2 ("Asset Acceptance LLC first contacted me on November 12, 2005"). And, it specifically states, "If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor." Def. Exh. B.

Plaintiff fails to state a claim upon which relief can be granted.

**V. CONCLUSION**

The Court **GRANTS** Asset's Motion to Dismiss.

However, Plaintiff may file an Amended Complaint against DTE in state court. *See* Order of July 19, 2007.

**IT IS ORDERED.**

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: October 23, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 23, 2007.
>
> s/Linda Vertriest
> Deputy Clerk